UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| GT SOLAR INCORPORATED,<br>Plaintiff,<br><br>v.<br><br>FABRIZIO GOI,<br>Defendant. | )<br>)<br>)<br>)<br>)   Civ. No. 1:08-cv-249-JL<br>)<br>)<br>)<br>) |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FABRIZIO GOI**

Defendant Fabrizio Goi ("Mr. Goi"), through undersigned counsel, submits the following Answer and Affirmative Defenses to the Complaint of GT Solar, Incorporated ("GT Solar").

## ANSWER

### Nature of the Action

1. Mr. Goi denies the allegations contained in Paragraph One.

### Jurisdiction

2. The allegations contained in Paragraph Two consist of conclusions of law to which no response is required.

### The Parties

3. Mr. Goi admits that GT Solar is in the business of designing and supplying industrial equipment and processes used for the refining and processing of silicon, a semi-conducting material used in the manufacture of photovoltaic cells. Mr. Goi lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Three.

4. Mr. Goi admits that he is a citizen of Italy and a former employee of VRV S.p.A ("VRV"). Mr. Goi further admits that, in his capacity as an employee of VRV, he communicated with GT Solar personnel from Italy and visited GT Solar's facility in Merrimack, New Hampshire on one occasion. Mr. Goi denies the remaining allegations contained in Paragraph Four.

5. Mr. Goi admits, with respect to the allegations contained in the first and second sentences of Paragraph Five, that he is a consultant for PPP Equipment Corporation, a Burbank, California company that competes with GT Solar, and lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in the first and second sentences of Paragraph Five. Mr. Goi denies the allegations contained in the third sentence of Paragraph Five. Mr. Goi lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the fourth and fifth sentences of Paragraph Five. Mr. Goi denies the allegations contained in the sixth sentence of Paragraph Five.

## Relevant Facts

6. Mr. Goi admits the allegations contained in Paragraph Six.

7. Mr. Goi lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seven.

8. Mr. Goi lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph Eight.

9. Mr. Goi lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph Nine.

10. Mr. Goi lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph Ten. Further, the allegations contained in Paragraph Ten contain conclusions of law to which no response is required.

11. Mr. Goi admits the allegations contained in the first sentence of Paragraph Eleven. Mr. Goi admits the allegations contained in the second sentence of Paragraph Eleven with the exception that Mr. Goi denies the characterization of him as a "key" participant during the meeting with representatives of GT Solar, and denies the characterization of the terms negotiated at the meeting.

12. Mr. Goi admits that VRV and GT Solar entered into a supply contract dated September 13, 2006 for the fabrication of a 36 rod reactor. The contract is a written document that speaks for itself, and therefore Mr. Goi denies any characterization of that document inconsistent with or varying from the terms of the document itself. Mr. Goi lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Twelve.

13. Mr. Goi admits that he was given access to certain information provided by GT Solar to VRV. Mr. Goi lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning whether VRV and other employees of VRV had access to GT Solar's information. The remaining allegations of Paragraph Thirteen consist of conclusions of law to which no response is required.

14. Mr. Goi admits that there was a confidentiality agreement between GT Solar and VRV. The remaining allegations contained in Paragraph Fourteen consist of legal characterizations of a written document that speaks for itself. Mr. Goi denies any

characterization of that document inconsistent with or varying from the terms of the document itself.

15. The allegations contained in Paragraph Fifteen consist of legal characterizations of a written document that speaks for itself. Mr. Goi denies any characterization of that document inconsistent with or varying from the terms of the document itself.

16. Mr. Goi admits that he held the position of Sales Director for VRV from March 16, 2001 to March 31, 2007, and that he was one of the points of contact between VRV and GT Solar. Mr. Goi denies the remaining allegations contained in Paragraph Sixteen.

17. Mr. Goi admits that, in his capacity as an employee of VRV, he communicated from Italy with representatives of GT Solar, and that he visited GT Solar's facility in Merrimack, New Hampshire on one occasion. Mr. Goi denies the remaining allegations contained in Paragraph Seventeen.

18. Mr. Goi admits that while he was VRV's Sales Director he had knowledge of and access to certain information provided by GT Solar to VRV. The remaining allegations of Paragraph Eighteen consist of conclusions of law to which no response is required. Further, Mr. Goi lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Eighteen.

19. Mr. Goi admits that while he was VRV's Sales Director he had access to certain information and drawings provided by GT Solar to VRV. The remaining allegations of Paragraph Nineteen consist of conclusions of law to which no response is required, and further, characterize a written document that speaks for itself. Mr. Goi

denies any characterization of that document inconsistent with or varying from the document itself.  Further, Mr. Goi lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Nineteen.

     20.     Mr. Goi denies the allegations contained in Paragraph Twenty.

     21.     Mr. Goi denies the allegations contained in Paragraph Twenty-One.

     22.     Mr. Goi admits that he resigned from VRV on March 31, 2007, and admits that, in accordance with Italian law, he provided VRV with three months salary in lieu of notice.  Mr. Goi further admits that he is presently a consultant to PPP Equipment Corporation.  Mr. Goi denies the remaining allegations contained in Paragraph Twenty-Two.

     23.     Mr. Goi denies the allegations contained in Paragraph Twenty-Three.

     24.     Mr. Goi denies the allegations contained in the first sentence of Paragraph Twenty-Four.  Mr. Goi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph Twenty-Four.

     25.     Mr. Goi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph Twenty-Five.  The allegations contained in the third and fourth sentences of Paragraph Twenty-Five consist of alleged statements made by third parties.  These alleged statements speak for themselves and Mr. Goi denies any characterization of the alleged statements inconsistent with or varying from the alleged statements themselves.  Mr. Goi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fifth sentence of Paragraph Twenty-Five.  As to the sixth sentence of Paragraph Twenty-Five, Mr. Goi lacks knowledge or information sufficient

to form a belief as to alleged statements of others or of unspecified "other evidence," but denies that he misappropriated proprietary information.

26.     Mr. Goi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Six.

27.     Mr. Goi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Seven.  Further, the allegations contained in Paragraph Twenty-Seven consist of alleged statements made by third parties.  These alleged statements speak for themselves and Mr. Goi denies any characterization of the alleged statements inconsistent with or varying from the alleged statements themselves.

28.     Mr. Goi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Twenty-Eight.  Further, the allegations contained in Paragraph Twenty-Eight consist of alleged statements made by third parties.  These alleged statements speak for themselves and Mr. Goi denies any characterization of the alleged statements inconsistent with or varying from the alleged statements themselves.

29.     Mr. Goi denies the allegations contained in Paragraph Twenty-Nine.

30.     Mr. Goi denies the allegations contained in Paragraph Thirty.

**Count One: Misappropriation of Trade Secrets, RSA § 350-B**

31.     Mr. Goi incorporates by reference his response to the allegations contained in Paragraphs One through Thirty.

32.     The allegations contained in Paragraph Thirty-Two consist of conclusions of law to which no response is required.

6

33. The allegations contained in Paragraph Thirty-Three consist of conclusions of law to which no response is required.

34. Mr. Goi denies the allegations contained in Paragraph Thirty-Four.

35. Mr. Goi denies the allegations contained in Paragraph Thirty-Five.

36. Mr. Goi denies the allegations contained in Paragraph Thirty-Six.

37. Mr. Goi denies the allegations contained in Paragraph Thirty-Seven.

38. Mr. Goi denies the allegations contained in Paragraph Thirty-Eight.

39. Mr. Goi denies the allegations contained in Paragraph Thirty-Nine.

### Count Two: Conversion

40. Mr. Goi incorporates by reference his response to the allegations contained in Paragraphs One through Thirty-Nine.

41. The allegations contained in Paragraph Forty-One consist of conclusions of law to which no response is required.

42. Mr. Goi denies the allegations contained in Paragraph Forty-Two.

43. Mr. Goi denies the allegations contained in Paragraph Forty-Three.

44. Mr. Goi denies the allegations contained in Paragraph Forty-Four.

45. Mr. Goi denies the allegations contained in Paragraph Forty-Five.

### Count Three: Breach of Implied-In-Fact Contract

46. Mr. Goi incorporates by reference his response to the allegations contained in Paragraphs One through Forty-Five.

47. Mr. Goi admits that there was a confidentiality agreement between GT Solar and VRV. Mr. Goi admits that he entered into an agreement, as part of his employment with VRV, concerning the management of confidential company

information.  To the extent that the agreements referenced in Paragraph Forty-Seven are reflected in written documents, these documents speak for themselves, and thus Mr. Goi denies any characterization of these agreements inconsistent with or varying from the terms of the agreements themselves.

48. Mr. Goi denies the allegations contained in the first sentence of Paragraph Forty-Eight.  As to the second sentence of Paragraph Forty-Eight, it is unclear what "contract" the Complaint refers to, and therefore Mr. Goi cannot respond intelligently to the allegations contained in the second sentence of Paragraph Forty-Eight.

49. The allegations contained in Paragraph Forty-Nine consist of conclusions of law to which no response is required.

50. Mr. Goi denies the allegations contained in Paragraph Fifty.

51. Mr. Goi denies the allegations contained in Paragraph Fifty-One.

52. Mr. Goi denies the allegations contained in Paragraph Fifty-Two.

## Count Four: Breach of Contract

53. Mr. Goi incorporates by reference his response to the allegations contained in Paragraphs One through Fifty-Two.

54. The allegations contained in Paragraph Fifty-Four consist of conclusions of law to which no response is required.

55. The allegations contained in Paragraph Fifty-Five consist of conclusions of law to which no response is required.

56. Mr. Goi admits that he entered into an agreement, as part of his employment with VRV, concerning the management of confidential company information.  To the extent that the agreement referenced in Paragraph Fifty-Six is

reflected in a written document, the document speaks for itself, and thus Mr. Goi denies any characterization of the agreement inconsistent with or varying from the terms of the agreement itself.

57.　The allegations contained in Paragraph Fifty-Seven consist of conclusions of law to which no response is required.

58.　Mr. Goi denies the allegations contained in Paragraph Fifty-Eight.

59.　Mr. Goi denies that he breached any obligation. The remaining allegations contained in Paragraph Fifty-Nine consist of conclusions of law to which no response is required.

60.　Mr. Goi denies the allegations contained in Paragraph Sixty.

## Count Five: Violation of RSA § 358-A

61.　Mr. Goi incorporates by reference his response to the allegations contained in Paragraphs One through Sixty.

62.　The allegations contained in the first sentence of Paragraph Sixty-Two consist of conclusions of law to which no response is required. Mr. Goi denies the remaining allegations contained in Paragraph Sixty-Two.

63.　Mr. Goi denies the allegations contained in Paragraph Sixty-Three.

64.　Mr. Goi denies the allegations contained in Paragraph Sixty-Four.

65.　Mr. Goi denies the allegations contained in Paragraph Sixty-Five.

## Count Six: Tortious Interference with Advantageous Business Relations

66.　Mr. Goi incorporates by reference his response to the allegations contained in Paragraphs One through Sixty-Five.

67. Mr. Goi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty-Seven.

68. Mr. Goi lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Sixty-Eight.

69. Mr. Goi denies the allegations contained in Paragraph Sixty-Nine.

70. Mr. Goi denies the allegations contained in Paragraph Seventy.

### Response to Relief Sought

Mr. Goi denies that GT Solar is entitled to the relief sought in its Complaint.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

GT Solar's claims are barred because this Court lacks personal jurisdiction over Mr. Goi.

### Second Affirmative Defense

GT Solar's claims are barred under the doctrine of forum *non conveniens*.

### Third Affirmative Defense

GT Solar's claims are barred because GT Solar has brought this action in an improper venue.

### Fourth Affirmative Defense

GT Solar's claims are barred, in whole or part, because the Complaint fails to state a claim upon which relief may be granted.

### Fifth Affirmative Defense

GT Solar's claims are barred, in whole or part, because GT Solar has failed to join an indispensable party.

### Sixth Affirmative Defense

GT Solar's claims are barred, in whole or part, because the Complaint fails to plead fraud with sufficient particularity.

### Seventh Affirmative Defense

GT Solar's claims are barred, in whole or part, because the information and/or documents allegedly provided to Mr. Goi do not constitute trade secrets or proprietary information.

### Eighth Affirmative Defense

GT Solar's claims are barred, in whole or part, because the Complaint fails to identify, with sufficient particularity, GT Solar's purported trade secrets and/or proprietary information.

### Ninth Affirmative Defense

GT Solar's claims are barred, in whole or part, due to a lack of contractual privity between GT Solar and Mr. Goi.

### Tenth Affirmative Defense

GT Solar's claims are barred, in whole or part, due to a lack of contractual consideration.

### Eleventh Affirmative Defense

GT Solar's claims are barred, in whole or part, by the application of the statute of frauds.

### Twelfth Affirmative Defense

GT Solar's claims are barred, in whole or part, by application of an applicable forum selection clause.

### Thirteenth Affirmative Defense

GT Solar's claims are barred, in whole or part, by application of an applicable arbitration clause.

### Fourteenth Affirmative Defense

GT Solar's claims are barred, in whole or part, by the doctrine of estoppel.

### Fifteenth Affirmative Defense

GT Solar's claims are barred, in whole or part, by the doctrine of laches.

### Sixteenth Affirmative Defense

GT Solar's claims are barred, in whole or part, by the doctrine of waiver.

### Seventeenth Affirmative Defense

GT Solar's claims are barred, in whole or part, by the applicable statute(s) of limitation.

### Eighteenth Affirmative Defense

GT Solar's claims are barred, in whole or part, by the doctrine of unclean hands.

### Nineteenth Affirmative Defense

GT Solar's claims are barred, in whole or part, under the doctrine of preemption.

WHEREFORE, Mr. Goi respectfully moves this Honorable Court to enter an Order:

A. Denying all relief sought by GT Solar in its Complaint;

B. Dismissing the Complaint with prejudice;

C. Awarding Mr. Goi his reasonable attorneys' fees and expenses of litigation against GT Solar; and

D. Granting such further relief as this Court deems just and necessary.

## JURY DEMAND

Mr. Goi respectfully requests a trial by jury on all issues so triable.

                                        Respectfully submitted,
                                        FABRIZIO GOI,
                                        By his attorneys,

Dated:  October 14, 2009                By: /s/ James P. Ball
                                        Michael J. Connolly, Esq. (#14371)
                                        James P. Ball, Esq. (#19209)
                                        Hinckley, Allen & Snyder LLP
                                        11 South Main Street
                                        Concord, NH  03301-4846
                                        (603) 225-4334

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing to be served by way of the Court's Electronic Case Filing system on all counsel of record.

                                        /s/ James P. Ball
                                        James P. Ball

#820478